**IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

|  |  |
|---|---|
| PD FINANCE, LLC, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| JOE D. FALL, III, | ) |
| KATHERINE BRENNAN, | ) |
| 337 CONGRESS LLC, | ) |
| JON RICKEY, | ) |
| TYLER RICKEY, | ) |
| CLINT BAHME, | ) |
| LOGAN WIGNELL | ) |
| INVESTMENT GROUP LLC, | ) |
| and GOOD TIMBER LLC, | ) |
|  | ) |
| Defendants. | ) |

## <u>COMPLAINT</u>

Plaintiff, PD Finance, LLC, assignee of claims formerly held by Pamela Goode, by counsel, for its Complaint against Defendants, Joe D. Fall, III, Katherine Brennan, 337 Congress, LLC, Jon Rickey, Tyler Rickey, Clint Bahme, Logan Wignell Investment Group, LLC and Good Timber, LLC, alleges as follows:

1.    Plaintiff brings this action to secure redress for the theft, fraud, and various other deceptive acts resulting in the loss of Goode's property located in Indianapolis, Indiana. Goode is one of several victims of the schemes perpetrated

1

by Defendants and other criminal enterprise members using a fake heir to secure title to real property without notice to the true heir(s). Plaintiff asserts claims for fraud, conversion, theft, and criminal gang control, each resulting in pecuniary loss under the Indiana Crime Victims Relief Act, along with constructive fraud and fraudulent concealment, violation of the Indiana Home Loan Practices Act ("HLPA"), and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Indiana's equivalent RICO statute.

## JURISDICTION AND VENUE

2.      The Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1367.

3.      Venue is proper in this division and district because the claims in this Complaint arise out of Defendants' interference with real property located in this division and district.

## PARTIES

### Plaintiff

4.      Plaintiff, PD Finance, LLC, is a Delaware limited liability company who on August 8, 2025 acquired from Pamela Goode the claims asserted in this Complaint by an Assignment of Rights and Claims, a true and accurate copy of which is attached as Exhibit 1.

2

## Assignor of Claims

5.        Pamela Goode is an Indiana resident.  She is the daughter and heir of Clifford Goode and Juanita Goode, the now-deceased former owners of the real property located at 2502 S. Lockburn Street, Indianapolis, IN 46241 (the "Lockburn Property").

## Defendants and Enterprise Members

6.        Joe D. Fall, III is a resident of Indiana. He has purported to be a paralegal for attorney Wilburn G. Lowry. Joe Fall works with and acts as an agent for all other Defendants in acquiring, managing and transferring real property.

7.        Katherine Brennan is a resident of Indiana. She works with and acts as an agent for all other Defendants in acquiring, managing and transferring real property.

8.        Jon Rickey is a California resident. He has an ownership interest in, manages, and acts as an agent for the following:  337 Congress LLC, Logan Wignell Investment Group, LLC, Papa Tanny LLC. Jon Rickey works with and acts as an agent for all other Defendants in acquiring, managing and transferring real property.

9.        Tyler Rickey is an Indiana resident. He has an ownership interest in, manages, and acts as an agent for the following:  337 Congress LLC, Logan Wignell Investment Group, LLC, Papa Tanny LLC. Tyler Rickey works with and acts as an agent for all other Defendants in acquiring, managing and transferring real property.

3

10.     Jon and Tyler Rickey are brothers.

11.     Clint Bahme is a North Carolina resident. He has an ownership interest in, manages, and acts as an agent for, Good Timber LLC. He works with and acts as an agent for all other Defendants in acquiring, managing and transferring real property.

12.     Ashley Eckler is an Indiana resident. She works with and acts as an agent for all other Defendants in acquiring, managing and transferring real property.

13.     Steven Mark Smith is an Indiana resident. He works with and acts as an agent for all other Defendants in acquiring, managing and transferring real property.

14.     Jerry Michael Smith is an Indiana resident. He works with and acts as an agent for all other Defendants in acquiring, managing and transferring real property.

15.     Asionna Harrington is an Indiana resident. She works with and acts as an agent for all other Defendants in acquiring, managing and transferring real property.

16.     Deidre Donine is a Pennsylvania resident. She works with and acts as an agent for all other Defendants in acquiring, managing and transferring real property.

17.     Wilburn G. Lowry is an Indiana resident and an attorney licensed in Indiana.

18.     337 Congress LLC is an Indiana limited liability company.

19.     Logan Wignell Investment Group, LLC is an Indiana limited liability company.

4

20.     Good Timber LLC is a Delaware limited liability company registered to do business in Indiana.

21.     Papa Tanny LLC is an Indiana limited liability company.

22.     Satkar Properties LLC is an Indiana limited liability company.

23.     Clint Bahme owns 2210 E. Southport Rd. Indianapolis, IN 46227 (the "Southport Property"). Defendants and members of the Fall Enterprise (defined below) use the Southport Property as a central hub for conducting business and furthering the purposes of the Fall Enterprise.

## FACTS – GENERAL

24.     Defendants, Papa Tanny LLC, Satkar Properties LLC, Wilburn G. Lowry, Steven Mark Smith, Jerry Michael Smith, Ashley Eckler, Deidre Donine, and Asionna Harrington, among others, are members of an enterprise orchestrated by Joe Fall (the "Fall Enterprise"). The Fall Enterprise members are a group of persons associated together for a common purpose of engaging in a course of conduct designed to steal real property or otherwise acquire title of property that rightfully belongs to someone else by defrauding rightful property owners.

25.     The Fall Enterprise's scheme begins by identifying sufficiently valuable (or potentially valuable) residential properties whose owners are deceased, intestate, and without any relatives who are paying attention to the property, which may be indicated

5

by delinquent property taxes.

26.    The Fall Enterprise members' advance preparation includes collecting and cross-referencing data from numerous sources to identify target properties.

27.    The Fall Enterprise then enlists someone to falsely claim heirship rights to the property through an affidavit. The fake heir could be a Fall Enterprise member or an actual relative of the deceased whom the Fall Enterprise knows is not a true heir.

28.    A Fall Enterprise member then acquires the property from the fake heir. The Fall Enterprise member who acquires the target property does so only because its acquisition was planned by the Fall Enterprise members. It is not an arms-length transaction.

29.    The Fall Enterprise members discuss in advance which fake heir and which entity to use in acquiring the target property.

30.    Frequently, a Fall Enterprise member would initiate a quiet title action, using the fake heir as the source of title. The Fall Enterprise members coordinate the preparation and filing of quiet title actions as part of their efforts to legitimize their title to stolen property. The legitimate heirs to the property are either not named as parties or are not given effective notice of the action. Often by default judgment, the Fall Enterprise member who brought the quiet title action is granted title to the property, all while the legitimate heir(s) are completely unaware—by design.

6

31.    Thereafter, the Fall Enterprise members may convey the property to one another in an effort to distance the current owner from the fake heir.

32.    The Fall Enterprise ultimately renovates the property for rental or sale at market price to someone outside the Fall Enterprise, with the Fall Enterprise enjoying the gain on a property it acquired for nothing (or for a modest amount paid to the person posing as a fake heir).

33.    The Fall Enterprise sometimes seeks to insulate itself from liability by obtaining conveyance documents from the legitimate heirs after a Fall Enterprise member unlawfully acquires the property. The Fall Enterprise does so by deceiving and misleading the legitimate heir(s) into believing that it is fair for the heir to receive a nominal amount far less than the property's value to "clean up" some "paperwork" related to a purported prior sale of the property.

34.    That "paperwork" consists of a deed in which the heir relinquishes all rights to the property. The Fall Enterprise intentionally avoids mentioning a quiet title action to the legitimate heir. The Fall Enterprise intentionally avoids telling the legitimate heir of the rights the heir had acquired in the property prior to the Fall Enterprise's theft of that property.

35.    The Fall Enterprise's core group consists of Joe Fall, Jon and Tyler Rickey, Wilburn G. Lowry, Clint Bahme, and Papa Tanny LLC. Other recruits of the

Fall Enterprise include Katherine Brennan, Ashley Eckler, Steven Mark Smith, Jerry Michael Smith and single-purpose entities such as 337 Congress LLC, Logan Wignell Investment Group LLC ("LWIG LLC"), Good Timber LLC, and 4415 Kingsley Trust, which are formed and operated by the core group to help conceal the identity of the core group and in hopes of providing a shield from liability.

36.    The core group of Fall Enterprise members share access to the funds resulting from the sale or lease of illicitly-gained property, with those funds being used to improve other illicitly-gained property to make them more valuable for sale or lease.

37.    Coordination among the Fall Enterprise members was and is required to misdirect both the courts and the true heirs. The same person could not plausibly pose as an heir to multiple different properties, acquire title and commence quiet title actions for numerous properties without causing undue suspicion.

38.    Together, the Fall Enterprise members reduced the cost of acquiring a target property to a price lower than any single member could achieve without involving other Fall Enterprise members.

39.    Defendants established, conducted and participated in an enterprise engaged in activities that affect interstate commerce. For instance, the Fall Enterprise engages in the rental of real estate, interstate phone calls, interstate mailings, and the interstate transmission of the Fall Enterprise's criminal proceeds.

8

40.     Pamela Goode has been injured in her property by reason of Defendants' pattern of racketeering conduct in violation of 18 U.S.C. § 1962, as set forth below.

## FACTS RELATING TO PAMELA GOODE AND PROPERTY AT
## 2502 SOUTH LOCKBURN STREET

41.     Prior to 2013, Clifford Goode and Juanita Goode, husband and wife, owned the Lockburn Property.

42.     Clifford Goode died on or about January 22, 2013.

43.     Juanita Goode died on or about June 29, 2018. A copy of Juanita Goode's obituary is attached as Exhibit 2.

44.     Juanita Goode had two heirs:  Pamela Goode and Michael A. Goode. Pamela Goode and Michael A. Goode inherited Juanita Goode's right and title to the Lockburn Property on the date of her death.  However, neither Pamela Goode nor Michael A. Goode was aware of her/his ownership right to the Lockburn Property.

45.     No will was ever discovered for Juanita Goode, and no probate proceedings were opened.  By intestate succession, Pamela Goode and Michael A. Goode inherited equal shares of Juanita Goode's right and title to the Lockburn Property as of Juanita Goode's death on or about June 29, 2018.

46.     Michael A. Goode passed away on or about October 1, 2019, survived by his spouse, Stacy Goode. No will was ever discovered for Michael A. Goode, and no probate proceedings were opened.  By intestate succession, Stacy Goode inherited

Michael A. Goode's interest in the Lockburn Property.

47.    After Michael A. Goode's death, Stacy Goode was also unaware of her ownership right to the Lockburn Property.

48.    Brennan had no familial or other relationship with Juanita Goode.

49.    On or about December 2, 2019, Brennan knowingly signed a false heirship affidavit.  In the affidavit, Brennan falsely states:

   a.    "I am related to [Juanita Goode]."

   b.    "I am a successor of [Juanita Goode]'s estate…"

   c.    "I am an heir."

   d.    "[Juanita Goode] died without any living family or heirs."

A copy of the affidavit is attached as Exhibit 3.

50.    On or about December 2, 2019, Brennan signed a Quitclaim Deed purporting to convey the Lockburn Property to 337 Congress LLC, a copy of which is attached as Exhibit 4. This was not an arms-length transaction.

51.    No sales disclosure form was filed in connection with 337 Congress LLC's acquisition of the Lockburn Property.

52.    Pamela Goode had no knowledge of the Small Estate Affidavit, the Quitclaim Deed, or 337 Congress LLC's acquisition of the Lockburn Property until after April 29, 2024.

53.    On or about March 4, 2020, 337 Congress LLC conveyed the Lockburn Property to LWIG, LLC by a warranty deed, a copy of which is attached as Exhibit 5 . This was not an arms-length transaction.

54.    No sales disclosure form was filed in connection with LWIG LLC's acquisition of the Lockburn Property.

55.    On and around March 4, 2020, Jon Rickey owned or controlled 337 Congress LLC and LWIG LLC.

56.    On December 16, 2020, LWIG LLC commenced a quiet title action in Marion Circuit Court, cause no. 49C01-2012-PL-044323, naming 337 Congress LLC as a defendant. A copy of the Complaint to Quiet Title is attached as Exhibit 6.

57.    LWIG LLC knew that the source of 337 Congress LLC's title, and hence the source of LWIG LLC's title, was a fake heir to the Lockburn Property.

58.    LWIG LLC either made no effort to locate—or intentionally chose not to serve—the true heirs of the Lockburn Property:  Pamela and Stacy Goode.

59.    On August 6, 2021, the Marion Circuit Court entered a final judgment in cause no. 49C01-2012-PL-044323, a copy of which is attached as Exhibit 7, quieting title to the Lockburn Property in LWIG LLC's name.

60.    On or about December 16, 2020, LWIG LLC conveyed the Lockburn Property to Good Timber LLC by Special/Limited Warranty deed, a copy of which is

11

attached as Exhibit 8. This was not an arms-length transaction.

61.      No sales disclosure form was filed in connection with Good Timber LLC's acquisition of the Lockburn Property.

62.      On and around December 16, 2020, Clint Bahme owned or controlled Good Timber LLC.

63.      In the weeks prior to April 29, 2024, Pamela Goode began receiving Facebook messages from an alleged Preacher/Pastor named Terrence Redmon. "Preacher Redmon" told Pamela Goode that Joe Fall was looking to connect with her because he had some money to give her, regarding her mother's property.

64.      Using a phone number provided by "Preacher Redmon," Pamela Goode called Joe Fall, who told her that the Lockburn Property had been sold but that the paperwork was not done correctly and needed to be fixed. Joe Fall also told Pamela Goode that she and Stacy Goode would be entitled to some money based on the value of the Lockburn Property.

65.      Joe Fall made no mention of a quiet title action affecting the Lockburn Property.

66.      Joe Fall convinced Pamela Goode to meet with him and a notary on or about April 29, 2024, when Pamela Goode executed a quitclaim deed conveying her interest to Good Timber LLC, a copy of which is attached as Exhibit 9.

12

67.     On or about April 29, 2024, Joe Fall paid Pamela Goode $7,000 for her interest in the Lockburn Property. The market value of the Lockburn Property at the time was well over $100,000.

68.     Subsequently, Joe Fall approached Stacy Goode and presented himself as paralegal for Wilburn G. Lowry, stating that the Lockburn Property was illegally obtained and needed to have the paperwork fixed.

## FACTS RELATING TO THE PATTERN OF RACKETEERING ACTIVITY BY THE FALL ENTERPRISE

69.     The Fall Enterprise has used a similar scheme to take advantage of numerous victims besides Pamela Goode and Stacy Goode.

## 4415 KINGSLEY DRIVE

70.     Prior to 2015, John C. Tevis and Etta A. Tevis, husband and wife, owned 4415 Kingsley Dr. (the "Kingsley Property").

71.     John C. Tevis died December 17, 2015.

72.     Etta A. Tevis died November 19, 2020.

73.     John and Etta Tevis had one heir:  their only son, Antonio Tevis.

74.     Freddie Tevis is the brother of John Tevis and uncle of Antonio Tevis.

75.     In February of 2024, Jerry Michael Smith contacted Freddie Tevis over the phone, stating that he wanted to get inside the Kingsley Property and see it before

it went to public auction. He offered Freddie Tevis an initial payment of seven thousand dollars ($7,000) and said he would give Freddie Tevis an additional twenty-thousand dollars ($20,000) if the group associated with Jerry Michael Smith ultimately purchased the Kingsley Property.

76.    During the phone call in February 2024, Jerry Michael Smith told Freddie Tevis that the Kingsley Property had a mortgage debt owed of about fifty-five thousand dollars ($55,000). This statement was false because the mortgage had been paid off at the time of the decedent's death.

77.    Jerry Michael Smith did not tell Freddie Tevis that a property tax sale surplus of approximately $51,000 existed on the Kingsley Property, which surplus belonged to the true heir.

78.    During the phone call in February 2024, Freddie Tevis told Jerry Michael Smith that the heir to the Kingsley property was Antonio Tevis, the son of the deceased.

79.    Prior to February 10, 2024, Wilburn G. Lowry knowingly prepared a false Small Estate Affidavit for Freddie Tevis to sign, containing statements that Freddie Tevis was an heir of the decedent and entitled to a 50% interest in the decedent's real property. These statements were false because Antonio Tevis was the sole heir, as the only child of the decedent.

80.    Ashley Eckler met Freddie Tevis at a Chase Bank near 75th Street and

Shadeland Avenue in Indianapolis on February 10, 2024.  Freddie Tevis signed the Small Estate Affidavit prepared by Wilburn G. Lowry, and Ashley Eckler notarized the Affidavit and gave Freddie Tevis a cashier's check for $7,000.

81.     Freddie Tevis did not sign a deed affecting the Kingsley Property.

82.     Joe Fall, or another member of the Fall Enterprise at Joe Fall's direction, forged Freddie Tevis's signature on a Quitclaim Deed purporting to convey a "50% undivided" interest in the Kingsley Property to 4415 Kingsley Trust.

83.     On May 7, 2024, 4415 Kingsley Trust filed a Complaint to Quiet Title in the Marion Circuit Court, cause number 49C01-2405-PL-020795, naming Antonio Tevis, the rightful heir to the property, as one of the defendants. A copy of the Complaint is attached as Exhibit 10 (which contains copies of the Small Estate Affidavit and Quitclaim Deed).

84.     4415 Kingsley Trust fraudulently represented to the Marion Circuit Court that it had an interest in the property based on the Small Estate Affidavit which falsely states that Freddie Tevis was an heir to the Kingsley Property.

85.     4415 Kingsley Trust fraudulently represented to the Marion Circuit Court that it had an interest in the property based on a quitclaim deed purportedly from Freddie Tevis, which Freddie Tevis did not sign.

86.     4415 Kingsley Trust intentionally refrained from using diligent efforts to

15

locate Antonio Tevis because 4415 Kingsley Trust did not want to give actual notice of the quiet title action to the sole legitimate heir.

87.    The Marion Circuit Court entered its Final Judgment Quieting Title to Real Estate in cause number 49C01-2405-PL-020795 on October 2, 2024, declaring that "no persons nor other entities other than 4415 Kingsley Trust" have any right, title, or interest in the Kingsley Property. A copy of the Final Judgment is attached as Exhibit 11.

88.    Antonio Tevis knew nothing of the quiet title action in Marion Circuit Court at cause number 49C01-2405-PL-020795 on or before October 2, 2024. Thereafter in October of 2024, a childhood friend called Antonio Tevis to inform him that people were moving his parents' belongings out of the Kingsley Property.

89.    On December 5, 2024, Antonio Tevis returned a voicemail message asking for a return call and spoke with Joe Fall, who identified himself as a paralegal working for "Bill Lowry." Joe Fall stated that he was looking into fraudulent activity concerning the Kingsley Property.

90.    Joe Fall, Wilburn G. Lowry, Jerry Michael Smith, Ashley Eckler and 4415 Kingsley Trust are culpable persons who engaged in the predicate offense mail fraud in violation of 18 U.S.C. § 1341.

91.    Joe Fall, Wilburn G. Lowry, Jerry Michael Smith, Ashley Eckler and 4415

Kingsley Trust, along with other Fall Enterprise members, devised a scheme to defraud the true heir of the Kingsley Property by using a fake heir to acquire title to the property.

92.    4415 Kingsley Trust and Wilburn G. Lowry knowingly and willingly participated in the scheme with the intent to defraud, and they used the mails in furtherance of the scheme on May 31, 2024 by serving summons by mail on the named defendants in the quiet title action brought by 4415 Kingsley Trust in Marion Circuit Court cause no. 49C01-2405-PL-020795.

93.    Joe Fall, Wilburn G. Lowry, Ashley Eckler and 4415 Kingsley Trust are culpable persons who engaged in the predicate offense of bribery under Indiana law (Ind. Code § 35-44.1-1-2, incorporated by 18 U.S.C. § 1961(1)(A)), by conferring, offering, and agreeing to confer property on Freddie Tevis with the intent that Freddie Tevis, as a witness in the official proceeding of Marion Circuit Court cause no. 49C01-2405-PL-020795, withhold truthful testimony that he was not a legitimate heir to the Kingsley Property.

94.    Joe Fall, Wilburn G. Lowry, Ashley Eckler and 4415 Kingsley Trust are culpable persons who, with intent to defraud, engaged in the predicate offenses of counterfeiting and forgery in violation of Indiana Code § 35-43-5-2(a) & (b) by making or uttering a written instrument in such a manner that it purports to have been made by Freddie Tevis when it was not.

17

95.     Pursuant to Indiana Code § 35-41-2-4, Joe Fall, Wilburn G. Lowry, Jerry Michael Smith, Ashley Eckler and 4415 Kingsley Trust engaged in the predicate offenses of counterfeiting and forgery in violation of Indiana Code § 35-43-5-2(a) & (b) by inducing, aiding or causing a person to violate Indiana Code § 35-43-4-2 as described in the preceding paragraph.

96.     Freddie Tevis engaged in the predicate offense of perjury in violation of Indiana Code § 35-44.1-2-1 by making a false, material statement under oath or affirmation in the Small Estate Affidavit, knowing the statement to be false or not believing it to be true.

97.     Pursuant to Indiana Code § 35-41-2-4, Joe Fall, Wilburn G. Lowry, Jerry Michael Smith, Ashley Eckler and 4415 Kingsley Trust engaged in the predicate offense of perjury in violation of Indiana Code § 35-44.1-2-1 by inducing, aiding or causing Freddie Tevis to violate Indiana Code § 35-44.1-2-1, as described in the preceding paragraph.

98.     Joe Fall, Wilburn G. Lowry, Jerry Michael Smith, Ashley Eckler and 4415 Kingsley Trust are culpable persons who, with intent to defraud, engaged in the predicate offense of obstruction of justice in violation of Indiana Code § 35-44.1-2-2 by knowingly and intentionally inducing, by false statement, or offer of money, to Freddie Tevis, as a witness in a legal proceeding, to give a false and materially misleading

statement that he was an heir to the Kingsley Property.

99.    Pursuant to Indiana Code § 35-41-2-4, Joe Fall, Wilburn G. Lowry, Jerry Michael Smith, Ashley Eckler and 4415 Kingsley Trust engaged in the predicate offense of obstruction of justice in violation of Indiana Code § 35-44.1-2-2 by inducing, aiding or causing a person to violate Indiana Code § 35-44.1-2-2 as described in the preceding paragraph.

100.    4415 Kingsley Trust is a culpable person who engaged in the predicate offense of theft in violation of IC 35-43-4-2 by knowingly or intentionally exerting unauthorized control over property of Antonio Tevis, with intent to deprive Antonio Tevis of the value and use of the Kingsley Property.

101.    Pursuant to Indiana Code § 35-41-2-4, Joe Fall, Wilburn G. Lowry, Jerry Michael Smith, and Ashley Eckler engaged in the predicate offense of theft in violation of IC 35-43-4-2 by inducing, aiding or causing 4415 Kingsley Trust to violate Indiana Code § 35-43-4-2 as described in the preceding paragraph.

102.    Wilburn G. Lowry, Ashley Eckler and 4415 Kingsley Trust are culpable persons who engaged in predicate offense of fraud in violation of Indiana Code § 35-43-5-4 by, with the intent to obtain property for themselves or for 4415 Kingsley Trust, knowingly and intentionally making a false and misleading statement to the Marion Circuit Court that 4415 Kingsley Trust has a real property interest in the Kingsley

19

Property, and by possessing, manufacturing, and using a document with the intent to obtain property to which the culpable persons are not entitled.

103.    Pursuant to Indiana Code § 35-41-2-4, Joe Fall, Wilburn G. Lowry, Jerry Michael Smith, and Ashley Eckler engaged in predicate offense of fraud in violation of Indiana Code § 35-43-5-4 by inducing, aiding or causing 4415 Kingsley Trust to violate Indiana Code § 35-43-5-4.

104.    Joe Fall, Wilburn G. Lowry, Jerry Michael Smith, Ashley Eckler and 4415 Kingsley Trust engaged in the predicate offense of criminal organization activity in violation of Indiana Code § 35-45-9-3 by knowingly and intentionally committing the offenses set forth above (including fraud, forgery, counterfeiting, theft and bribery) with the intent to further the interests of a criminal organization—the Fall Enterprise—by wrongfully obtaining the Kingsley Property.

### 317 N. OXFORD ST

105.    Prior to 2011, George Rudbeck and M. Ruth Rudbeck, husband and wife, owned the property located at 317 N. Oxford St. Indianapolis, IN  46201 (the "Oxford Property").

106.    M. Ruth Rudbeck passed away on December 1, 2011.

107.    George Rudbeck passed away on September 13, 2017.

108.    George Rudbeck was survived by his children, who were each co-equal

heirs to the Oxford Property:

      a.     Lena Delores Timbrook

      b.     James Dale Smith

      c.     Rosemary Denise Schmaltz

      d.     Judith Dawn Woods

      e.     Darrell Jay Smith, and

      f.     Tanya Sherlock.

109.    Jerry Michael Smith had no relation to the deceased and no right to the Oxford Property. Nevertheless, using the alias of Michael Smith, he executed a document titled "Small Estate Affidavit" on February 11, 2021, a copy of which is attached as Exhibit 12, in which he states that he is the decedent's son entitled to 100% of the estate.

110.    Jerry Michael Smith also executed a document titled "Quit Claim Deed," a copy of which is attached as Exhibit 13, recorded October 25, 2021, which resulted in the conveyance of the Oxford Property to Papa Tanny LLC.

111.    The Small Estate Affidavit and Quit Claim Deed purport to be notarized by Ashley Eckler, but the signature on the notary blocks is not Ashley Eckler's.

112.    On information and belief, Jerry Michael Smith is a relative of Joe Fall and/or a person who shared a residence with Joe Fall.

21

113.    Approximately two years after Pappa Tanny LLC obtained title to the Oxford Property, Joe Fall contacted one of the true heirs, Rosemary Denise Schmaltz, by phone.

114.    In several telephone conversations with Rosemary Denise Schmaltz during the weeks prior to September 16, 2023, Joe Fall falsely told her that Michael Smith purchased the Oxford Property at tax sale. This was false because Michael Smith did not acquire the Oxford Property as the grantee of a tax deed.

115.    In the telephone conversations referenced in the preceding paragraph, Joe Fall characterized Michael Smith as a bad actor who had interfered with Papa Tanny LLC's plans to sell the Oxford Property for approximately $200,000, and that Joe Fall needed the help of Rosemary Denise Schmaltz and her siblings to "make it right." Joe Fall made no mention that Rosemary Denise Schmaltz or her siblings had rights in the Oxford Property as heirs of George Rudbeck.

116.    On or about September 16, 2023, Joe Fall met at the Southport Property with the following heirs of the Oxford Property to obtain quitclaim deeds from each of them to Papa Tanny LLC, paying each of them approximately $6,000:

      a.    James Dale Smith

      b.    Judith Dawn Woods

      c.    Lena Dolores Timbrook

    d.     Rosemary Denise Schmaltz

    e.     Darrell James Smith

117. Papa Tanny LLC sold the Oxford Property to Harriet Watson and Beth Watson for $189,000 on March 7, 2024.

118. Harriet Watson and Beth Watson are not members of the Fall Enterprise.

119. Joe Fall is a culpable person who engaged in the predicate offense of fraud in connection with identification documents in violation of 18 U.S.C. § 1028(a)(7) by using, without lawful authority, a means of identification of Ashley Eckler—her notary public number—with the intent to commit, or in connection with, felony theft of the Oxford Property in violation of Indiana Code § 35-43-4-2. Joe Fall, or another member of the Fall Enterprise at Joe Fall's direction, forged Ashley Eckler's signature to make it appear as though Ashley Eckler had notarized the Small Estate Affidavit and the Quit Claim Deed that enabled Papa Tanny LLC to acquire title to the Oxford Property.

120. Joe Fall, Jon Rickey, Tyler Rickey, Jerry Michael Smith and Papa Tanny LLC are culpable persons who engaged in the predicate offense of wire fraud in violation of 18 U.S.C. § 1343.

121. Joe Fall, Jon Rickey, Tyler Rickey, Jerry Michael Smith and Papa Tanny LLC, along with other Fall Enterprise members, devised a scheme to defraud the true

heirs of the Oxford Property by using a fake heir to acquire title to the property.

122.    Joe Fall, Jon Rickey, Tyler Rickey, Jerry Michael Smith and Papa Tanny LLC knowingly and willingly participated in the scheme with the intent to defraud, and they used interstate wires in furtherance of the scheme by

a.    telephone communication between Jon Rickey in California with Joe Fall in Indiana to provide direction and discuss the progress of the scheme; and

b.    telephone communication between Jon Rickey in California, as agent for Papa Tanny LLC, with Joe Fall in Indiana to provide direction and discuss the progress of the scheme.

123.    Jerry Michael Smith is a culpable person who engaged in the predicate offense of perjury in violation of Indiana Code § 35-44.1-2-1 by making a false, material statement under oath or affirmation in the Small Estate Affidavit, knowing the statement to be false or not believing it to be true.

124.    Pursuant to Indiana Code § 35-41-2-4, Joe Fall, Jon Rickey, Tyler Rickey, and Papa Tanny LLC engaged in the predicate offense of perjury in violation of Indiana Code § 35-44.1-2-1 by inducing, aiding or causing Jerry Michael Smith to violate Indiana Code § 35-44.1-2-1, as described in the preceding paragraph.

125.    Joe Fall, Jon Rickey, Tyler Rickey, Jerry Michael Smith and Papa Tanny

LLC are culpable persons who engaged in the predicate offense of theft in violation of Indiana Code § 35-43-4-2 by knowingly or intentionally exerting unauthorized control over the Oxford Property in which the heirs of George Rudbeck had an interest, with intent to deprive the heirs of George Rudbeck of any part of the Oxford Property's value or use.

126.    Pursuant to Indiana Code § 35-41-2-4, Joe Fall, Jon Rickey, Tyler Rickey, Jerry Michael Smith and Papa Tanny LLC are culpable persons who engaged in the predicate offense of theft in violation of Indiana Code § 35-43-4-2 by inducing, aiding or causing a person to violate Indiana Code § 35-43-4-2, as described in the preceding paragraph.

127.    Joe Fall, Jon Rickey, Tyler Rickey, Jerry Michael Smith and Papa Tanny LLC are culpable persons who engaged in predicate offense of fraud in violation of Indiana Code § 35-43-5-4 by, with the intent to obtain property for themselves or for Papa Tanny LLC, knowingly and intentionally making a false and misleading statement to Rosemary Denise Schmaltz that Michael Smith had acquired the Oxford Property at tax sale, knowingly and intentionally making a false and misleading statement to the Marion County Recorder that Michael Smith was an heir of the deceased who had a valid interest in the Oxford Property, and by possessing, manufacturing, and using a document(s)—the Small Estate Affidavit, the Quit Claim Deed executed by Michael

Smith, and the Quit Claim Deeds executed by the heirs of George Rudbeck—with the intent to obtain property to which the culpable persons are not entitled.

128. Pursuant to Indiana Code § 35-41-2-4, Joe Fall, Jon Rickey, Tyler Rickey, Jerry Michael Smith and Papa Tanny LLC engaged in the predicate offenses of fraud in violation of Indiana Code § 35-43-5-4 by inducing, aiding or causing a person to violate Indiana Code § 35-43-5-4 as described in the preceding paragraph.

129. Joe Fall, Jon Rickey, Tyler Rickey, Jerry Michael Smith and Papa Tanny LLC are culpable persons who, with intent to defraud, engaged in the predicate offenses of counterfeiting and forgery in violation of Indiana Code § 35-43-5-2(a) & (b) by making or uttering a written instrument in such a manner that it purports to have been signed by Ashley Eckler when it was not.

130. Pursuant to Indiana Code § 35-41-2-4, Joe Fall, Jon Rickey, Tyler Rickey, Jerry Michael Smith and Papa Tanny LLC engaged in the predicate offenses of counterfeiting and forgery in violation of Indiana Code § 35-43-5-2(a) & (b) by inducing, aiding or causing Joe Fall or another person to violate Indiana Code § 35-43-5-2(a) & (b) as described in the preceding paragraph.

131. Joe Fall, or another member of the Fall Enterprise at Joe Fall's direction, are culpable persons who, with intent to defraud, engaged in the predicate offense of identity deception in violation of Indiana Code § 35-43-5-3.5 by knowingly and

26

intentionally obtaining, possessing, transferring, or using identifying information—Ashley Eckler's name and government-issued notary identification number—to profess to be Ashley Eckler in notarizing the Small Estate Affidavit and the Quit Claim Deed that enabled Papa Tanny LLC to acquire title to the Oxford Property.

132.  Pursuant to Indiana Code § 35-41-2-4, Joe Fall, Jon Rickey, Tyler Rickey, Papa Tanny LLC and Jerry Michael Smith engaged in the predicate offense of identity deception in violation of Indiana Code § 35-43-5-3.5 by inducing, aiding or causing Joe Fall or another person to violate Indiana Code § 35-43-5-3.5 as described in the preceding paragraph.

133.  Joe Fall and Papa Tanny LLC are culpable persons who engaged in the predicate offense of laundering criminal proceeds in violation of 18 U.S.C. § 1956(a)(1)(B)(i) by knowing that the Oxford Property was the proceeds of a criminal transaction, and conducting a financial transaction involving the Oxford Property, knowing that the payment for quitclaim deeds purporting to convey the Oxford Property from legitimate heirs to Papa Tanny LLC on or about September 16, 2023 was designed to conceal or disguise the nature, source, or control of the proceeds.

134.  Papa Tanny LLC is a culpable person who engaged in the predicate offense of monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957 by knowingly engaging or attempting to engage in a

monetary transaction in criminally derived property of a value greater than $10,000—the Oxford Property, which is derived from the racketeering activity described herein—by selling it for $189,000.

135.    Joe Fall, Jon Rickey, Tyler Rickey, Jerry Michael Smith and Papa Tanny LLC engaged in the predicate offense of criminal organization activity in violation of Indiana Code § 35-45-9-3 by knowingly and intentionally committing the offenses set forth above (including fraud, forgery, counterfeiting, and theft) with the intent to further the interests of a criminal organization—the Fall Enterprise—by wrongfully obtaining the Oxford Property.

## 1801 WINFIELD AVE.

136.    Before her passing on July 27, 2017, Barbara J. Smith owned the property located at 1801 Winfield Avenue, Indianapolis, Indiana (the "Winfield Property").

137.    Antonio Boyd signed a Small Estate Affidavit on July 16, 2020, claiming he was the only heir to the small estate of Barbara J. Smith. A copy of the Affidavit is attached as Exhibit 14.

138.    Antonio Boyd allegedly signed a Quit Claim Deed to Papa Tanny LLC on or about July 16, 2020, a copy of which is attached as Exhibit 15.

139.    Antonio Boyd was not related to Barbara J. Smith.

140.    Joe Fall, Papa Tanny LLC, Jon Rickey and Tyler Rickey induced Antonio

28

Boyd to sign the Quit Claim Deed and Small Estate Affidavit by offering him payment or something of value.

141.    The Small Estate Affidavit falsely claimed that Antonio Boyd was an heir and the successor of Barbara J. Smith's estate.

142.    No sales disclosure form was filed in connection with Papa Tanny LLC's acquisition of the Winfield Property.

143.    Antonio Boyd died on or about April 29, 2024.

144.    On or about December 3, 2024, Jalen Boyd, son of Antonio Boyd, stated that Antonio Boyd had no known relationship to Barbara J. Smith and was not an heir to Barbara J. Smith.

145.    On or about July 28, 2020, Papa Tanny LLC conveyed the Winfield Property to Satkar Properties LLC by a Quitclaim Deed purportedly notarized by Jermaine Clay. A copy of the Quitclaim Deed is attached as Exhibit 16.

146.    The Quitclaim Deed was not notarized by Jermaine Clay. Instead, Joe Fall used Jermaine Clay's notary seal and forged Jermaine Clay's signature on the document.

147.    On August 27, 2020, Satkar Properties LLC filed an action to quiet title at cause no. 49C01-2008-PL-029693, naming Papa Tanny LLC, Barbara J. Smith and Lue H. Dunlap, each former owners of the Winfield Property. The complaint failed to

name Antonio Boyd, the source of Papa Tanny LLC's title to the Winfield Property. A copy of the Complaint is attached as Exhibit 17.

148.     Satkar Properties LLC knew that Antonio Boyd was not an heir to Babara J. Smith and that Antonio Boyd was incapable of conveying any legitimate interest in the Winfield Property to Papa Tanny LLC.

149.     The Marion Circuit Court entered its Final Judgment Quieting Title to Real Estate in cause number 49C01-2008-PL-029693 on February 19, 2021, declaring that "no persons nor other entities other than Satkar Properties, LLC" have any right, title, or interest in the Winfield Property. A copy of the Final Judgment is attached as Exhibit 18.

150.     On September 10, 2024, an instrument was recorded with the Marion County Recorder with a note saying "re-record to correct notary page," a copy of which is attached as Exhibit 19.[1] The instrument is a previously-recorded copy of the 2020 Quitclaim Deed from Papa Tanny LLC to Satkar Properties LLC, altered to replace Jermaine Clay's notarization of signatures with Joe Fall's notarization of those same signatures (supposedly on the same date), and altered to state that the document was prepared by Deidre Donine instead of Asionna Harrington.

151.     Joe Fall is a culpable person who engaged in the predicate offense of

---

[1] Pursuant to Local Rule 5-1(b), an Index of Exhibits is attached as Exhibit 20.

fraud in connection with identification documents in violation of 18 U.S.C. § 1028(a)(7) by using, without lawful authority, a means of identification of Jermaine Clay—his notary public number—with the intent to commit, or in connection with, felony theft of the Winfield Property in violation of Indiana Code § 35-43-4-2. Joe Fall, or another member of the Fall Enterprise at Joe Fall's direction, forged Jermaine Clay's signature to make it appear as though Jermaine Clay had notarized the Quitclaim Deed that enabled Papa Tanny LLC to acquire title to the Winfield Property.

152.    Joe Fall, Jon Rickey, Tyler Rickey, Asionna Harrington, Wilburn G. Lowry, Papa Tanny LLC, and Satkar Properties LLC are culpable persons who engaged in the predicate offense mail fraud in violation of 18 U.S.C. § 1341.

153.    Joe Fall, Jon Rickey, Tyler Rickey, Asionna Harrington, Wilburn G. Lowry, Papa Tanny LLC, and Satkar Properties LLC, along with other Fall Enterprise members, devised a scheme to defraud the true heir of the Winfield Property by using a fake heir to acquire title to the property.

154.    Satkar Properties LLC and Wilburn G. Lowry knowingly and willingly participated in the scheme with the intent to defraud, and they used the mails in furtherance of the scheme on September 16, 2020 by serving summons by mail on the named defendants in the quiet title action brought by Satkar Properties LLC in Marion Circuit Court cause no. 49C01-2008-PL-029693.

155.    Joe Fall, Jon Rickey, Tyler Rickey, Asionna Harrington, Papa Tanny LLC, and Satkar Properties LLC are culpable persons who engaged in the predicate offense of wire fraud in violation of 18 U.S.C. § 1343.

156.    Joe Fall, Jon Rickey, Tyler Rickey, Asionna Harrington, Papa Tanny LLC and Satkar Properties LLC, along with other members of the Fall Enterprise, devised a scheme to defraud the true heirs of the Winfield Property by using a fake heir to acquire title to the property.

157.    Joe Fall, Jon Rickey, Tyler Rickey, Asionna Harrington, Papa Tanny LLC and Satkar Properties LLC knowingly and willingly participated in the scheme with the intent to defraud, and they used interstate wires in furtherance of the scheme by

a.    telephone communication between Jon Rickey in California with Joe Fall and Wilburn G. Lowry in Indiana to provide direction and discuss the progress of the scheme; and

b.    telephone communication between Jon Rickey in California, as agent for Papa Tanny LLC, with Joe Fall in Indiana to provide direction and discuss the progress of the scheme.

158.    Antonio Boyd engaged in the predicate offense of perjury in violation of Indiana Code § 35-44.1-2-1 by making a false, material statement under oath or affirmation in the Small Estate Affidavit, knowing the statement to be false or not

believing it to be true.

159.    Pursuant to Indiana Code § 35-41-2-4, Joe Fall, Jon Rickey, Tyler Rickey, Asionna Harrington, Wilburn G. Lowry, Papa Tanny LLC and Satkar Properties LLC engaged in the predicate offense of perjury in violation of Indiana Code § 35-44.1-2-1 by inducing, aiding or causing Antonio Boyd to violate Indiana Code § 35-44.1-2-1 as described in the preceding paragraph.

160.    Joe Fall, Jon Rickey, Tyler Rickey, Asionna Harrington, Wilburn G. Lowry, Papa Tanny LLC and Satkar Properties LLC are culpable persons who engaged in the predicate offense of theft in violation of Indiana Code § 35-43-4-2 by knowingly or intentionally exerting unauthorized control over the Winfield Property in which the heirs of Barbara J. Smith had an interest, with intent to deprive the heirs of Barbara J. Smith of any part of the Winfield Property's value or use.

161.    Papa Tanny LLC is a culpable person who engaged in the predicate offense of fraud in violation of Indiana Code § 35-43-5-4 by, with the intent to obtain property for themselves, knowingly and intentionally making a false and misleading statement to the Marion County Recorder that Antonio Boyd was an heir of the deceased who had a valid interest in the Winfield Property, and by possessing, manufacturing, and using a document with the intent to obtain property to which the culpable person was not entitled.

162.    Satkar Properties LLC and Wilburn G. Lowry are culpable persons who engaged in the predicate offense of fraud in violation of Indiana Code § 35-43-5-4 by, with the intent to obtain property for themselves or Satkar Properties LLC, knowingly and intentionally making a false and misleading statement to the Marion Circuit Court that Satkar Properties LLC had a real property interest in the Winfield Property, and by possessing, manufacturing, and using a document with the intent to obtain property to which the culpable persons were not entitled.

163.    Pursuant to Indiana Code § 35-41-2-4, Joe Fall, Jon Rickey, Tyler Rickey, Asionna Harrington, Wilburn G. Lowry, Papa Tanny LLC and Satkar Properties LLC engaged in the predicate offense of fraud in violation of Indiana Code § 35-43-5-4 by inducing, aiding or causing Papa Tanny LLC and Satkar Properties LLC to violate Indiana Code § 35-43-5-4 as described in the preceding two paragraphs.

164.    Joe Fall, or another member of the Fall Enterprise at Joe Fall's direction, are culpable persons who, with intent to defraud, engaged in the predicate offense of identity deception in violation of Indiana Code § 35-43-5-3.5 by knowingly and intentionally obtaining, possessing, transferring, or using identifying information—Jermaine Clay's name and government-issued notary identification number—to profess to be Jermaine Clay in notarizing the Quitclaim Deed that enabled Papa Tanny LLC to acquire title to the Winfield Property.

34

165. Pursuant to Indiana Code § 35-41-2-4, Joe Fall, Jon Rickey, Tyler Rickey, Asionna Harrington, Wilburn G. Lowry, Papa Tanny LLC and Satkar Properties LLC engaged in the predicate offense of identity deception in violation of Indiana Code § 35-43-5-3.5 by inducing, aiding or causing Joe Fall or another person to violate Indiana Code § 35-43-5-3.5 as described in the preceding paragraph.

166. Joe Fall, Jon Rickey, Tyler Rickey, Asionna Harrington, Wilburn G. Lowry, Papa Tanny LLC and Satkar Properties LLC are culpable persons who, with intent to defraud, engaged in the predicate offenses of counterfeiting and forgery in violation of Indiana Code § 35-43-5-2(a) & (b) by making or uttering a written instrument in such a manner that it purports to have been signed by Jermaine Clay when it was not.

167. Pursuant to Indiana Code § 35-41-2-4, Joe Fall, Jon Rickey, Tyler Rickey, Asionna Harrington, Papa Tanny LLC and Satkar Properties LLC engaged in the predicate offenses of counterfeiting and forgery in violation of Indiana Code § 35-43-5-2(a) & (b) by inducing, aiding or causing Joe Fall or another person to violate Indiana Code § 35-43-5-2(a) & (b) as described in the preceding paragraph.

168. Papa Tanny LLC and Satkar Properties LLC are culpable persons who engaged in the predicate offense of laundering criminal proceeds in violation of 18 U.S.C. § 1956(a)(1)(B)(i) by knowing that the Winfield Property was the proceeds of a

criminal transaction, and conducting a financial transaction involving the Winfield Property, knowing that the conveyance of the Winfield Property from Papa Tanny LLC to Satkar Properties LLC on or about July 28, 2020 was designed to conceal or disguise the nature, source, or control of the proceeds.

169.    Joe Fall, Jon Rickey, Tyler Rickey, Asionna Harrington, Papa Tanny LLC and Satkar Properties LLC engaged in the predicate offense of criminal organization activity in violation of Indiana Code § 35-45-9-3 by knowingly and intentionally committing the offenses set forth above (including fraud, forgery, counterfeiting, and theft) with the intent to further the interests of a criminal organization—the Fall Enterprise—by wrongfully obtaining the Winfield Property.

## COUNT I – FRAUD AND PECUNIARY LOSS UNDER INDIANA CODE § 34-24-3-1

170.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

171.    On or about April 29, 2024, Joe Fall falsely stated to Pamela Goode that the Lockburn Property had already been sold. The statement was false, and Joe Fall knew it to be false, because the property had not been exchanged for consideration but instead remained under the control of the Fall Enterprise after the culpable persons stole title from the legitimate heirs.

172.    Joe Fall knowingly and intentionally made the statement in the preceding paragraph with the intent to obtain property rights in the Lockburn Property for himself, Good Timber LLC, or other members of the Fall Enterprise, to which none of the enterprise members were entitled, in violation of Indiana Code § 35-43-5-4, and he made the statement as an agent for and in furtherance of the objectives of each Defendant.

173.    In representing that the Lockburn Property had already been sold, Joe Fall intentionally misled and created in Pamela Goode a false impression that the property was beyond her reach. Pamela Goode relied on Joe Fall's misrepresentation and therefore understood that Joe Fall presented her with a binary choice that would not affect the ownership or control of the property:  Pamela Goode could sign the paperwork and get paid, or not sign the paperwork and get nothing. Either way, the property had already been sold.

174.    Pamela Goode's reliance was reasonable because she believed that her mother's Medicare bills had resulted in a foreclosure on the Lockburn Property; Pamela Goode had no prior notice of LWIG LLC's quiet title action; and Pamela Goode was unaware that her status as an heir entitled her to a 50% interest in the Lockburn Property.

175.    Joe Fall's misrepresentations damaged Pamela Goode by causing her to

execute documents purporting to convey her interest in the Lockburn Property to Good Timber LLC.

176. Defendants possessed, manufactured and used documents intending to obtain property to which Defendants were not entitled, in violation of Indiana Code § 35-43-5-4. These documents include the Complaint and its attachments filed in Marion Circuit Court cause no. 49C01-2012-PL-044323.

177. Pursuant to Indiana Code § 35-41-2-4, Defendants other than Joe Fall each violated Indiana Code § 35-43-5-4 by aiding, inducing, or causing Joe Fall to violate Indiana Code § 35-43-5-4 as described in the preceding allegations of this Count I.

178. Each Defendant knowingly and intentionally violated Indiana Code § 35-43-5-4 with the intent to benefit, promote, or further the interests of the Fall Enterprise.

179. Pamela Goode suffered a pecuniary loss resulting from each Defendant's violation of Indiana Code § 35-43-5-4.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendants for treble damages, the costs of this action, pre-judgment interest, attorney fees, and granting Plaintiff all other proper relief.

## COUNT II
## CONSTRUCTIVE FRAUD AND FRAUDULENT CONCEALMENT

180.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

181.    Defendants were in the unique possession of knowledge not possessed by Pamela Goode and thereby enjoyed a position of superiority over Pamela Goode: Defendants knew that they had used a fake heir to wrongfully take title to the Lockburn Property and to launder title by subsequent conveyance, and that Pamela Goode was a legitimate heir to the property, and Pamela Goode did not know this.

182.    Defendants concealed from Pamela Goode this unique knowledge in the preceding paragraph.

183.    This imbalance of knowledge invoked a duty upon Defendants of good faith and fair dealing in their transaction with Pamela Goode, and a duty to disclose to her the facts surrounding Defendants' acquisition of title to the Lockburn Property.

184.    On or about April 29, 2024, Defendants intentionally withheld information concerning the nature and extent of their prior misconduct in acquiring the Lockburn Property and concerning Pamela Goode's status as a legitimate heir.

185.    Defendants' dealing with Pamela Goode on or about April 29, 2024 was

39

the antithesis of good faith and fair dealing because Defendants were seeking documentation from her in hopes of insulating themselves from liability for their misconduct. Defendants did not intend to fairly compensate Pamela Goode for her rightful interest in the Lockburn Property, telling her instead that her execution of documents was simply fixing some incorrect paperwork from a prior transaction.

186.   Pamela Goode relied on the omission of facts by concluding that the Lockburn Property had been lawfully acquired by a third party, and that the disbursement of funds to Pamela Goode was related to the consummation of someone else's legitimate acquisition of the property.

187.   Due to Defendants' fraudulent concealment, as well as Defendants' affirmative representations, Pamela Goode had no reason to seek out alternative sources of information regarding her right to the Lockburn Property.

188.   Pamela Goode's reliance on Defendants' misrepresentations and omissions damaged Pamela Goode by causing her to execute documents purporting to convey her interest in the Lockburn Property to Good Timber LLC.

189.   Defendants have gained an advantage at Pamela Goode's expense as a result of their conduct set forth in this Count II by purportedly acquiring record ownership of Pamela Goode's legitimate interest in the Lockburn Property.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in

Plaintiff's favor and against Defendants for compensatory and punitive damages, or in the alternative, rescission or cancellation of any documents affecting title executed by Pamela Goode on or about April 29, 2024, and granting Plaintiff all other proper relief.

## COUNT III
## CONVERSION, THEFT AND PECUNIARY LOSS
## UNDER INDIANA CODE § 34-24-3-1

190.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

191.    Brennan, 337 Congress LLC, LWIG, LLC and Good Timber LLC knowingly and intentionally exerted unauthorized control over the Lockburn Property belonging to Pamela Goode.

192.    Brennan, 337 Congress LLC, LWIG, LLC and Good Timber LLC intended to deprive Pamela Goode of the value and use of the Lockburn Property.

193.    Pamela Goode and Stacy Goode, the true owners of the Lockburn Property, did not authorize any Defendant to exert control over the Lockburn Property.

194.    Pursuant to Indiana Code § 35-41-2-4, Joe Fall, Jon Rickey, Tyler Rickey, Clint Bahme and Wilburn G. Lowry each violated Indiana Code §§ 35-43-4-2 and 35-43-4-3 by aiding, inducing, or causing Brennan, 337 Congress LLC, LWIG, LLC and Good Timber LLC to violate Indiana Code §§ 35-43-4-2 and 35-43-4-3.

195.    Each Defendant knowingly and intentionally violated Indiana Code §§

41

35-43-4-2 and 35-43-4-3 with the intent to benefit, promote, or further the interests of the Fall Enterprise.

196. Pamela Goode suffered a pecuniary loss resulting from Defendants' violation of Indiana Code §§ 35-43-4-2 and 35-43-4-3.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendants for treble damages, the costs of this action, pre-judgment interest, attorney fees, and granting Plaintiff all other proper relief.

## COUNT IV
## CRIMINAL GANG CONTROL AND PECUNIARY LOSS UNDER INDIANA CODE § 34-24-3-1

197. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

198. The Fall Enterprise is an informal group of at least three members that promotes, sponsors, or assists in; participates in; or has as one of its goals, the commission of a felony to obtain property (including fraud, theft, conversion, and bribery).

199. Each Defendant knowingly and intentionally committed the offenses set forth in this Complaint with the intent to benefit, promote, or further the interests of the Fall Enterprise, in violation of Indiana Code § 35-45-9-3.

200. Pamela Goode suffered a pecuniary loss resulting from Defendants'

violation of Indiana Code § 35-43-9-3.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendants for treble damages, the costs of this action, pre-judgment interest, attorney fees, and granting Plaintiff all other proper relief.

## COUNT V
## CIVIL REMEDY FOR VIOLATION OF 18 U.S.C. § 1962(c) & (d) (RICO)

201. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

202. The members of the Fall Enterprise have engaged in a series of related predicate acts, including mail and wire fraud, identity fraud, bribery, and laundering of criminal proceeds, extending over a substantial period of time, at least since 2020 and continuing through the present.

203. Members of the Fall Enterprise have previously stolen multiple properties, with impunity, and the Fall Enterprise feeds from a constant supply of potential new victims who materialize after a property owner dies intestate. Thus, the Fall Enterprise poses a threat of continuing criminal activity extending indefinitely into the future.

204. Defendants and Wilburn G. Lowry are culpable persons who engaged in the predicate offense of wire fraud in violation of 18 U.S.C. § 1343.

205. Defendants and Wilburn G. Lowry, along with other Fall Enterprise

43

members, devised a scheme to defraud the true heirs of the Lockburn Property by using a fake heir to acquire title to the property.

206.    Defendants and Wilburn G. Lowry knowingly and willingly participated in the scheme with the intent to defraud, and they used interstate wires in furtherance of the scheme by

      a.    telephone communication between Jon Rickey in California with Joe Fall and Wilburn G. Lowry in Indiana to provide direction and discuss the progress of the scheme; and

      b.    telephone communication between Jon Rickey in California, as agent for LWIG, LLC and as agent for 337 Congress LLC, with Joe Fall and Wilburn G. Lowry in Indiana to provide direction and discuss the progress of the scheme.

207.    Defendants and Wilburn G. Lowry are culpable persons who engaged in the predicate offense of mail fraud in violation of 18 U.S.C. § 1341.

208.    Defendants and Wilburn G. Lowry, along with other Fall Enterprise members, devised a scheme to defraud the true heirs of the Lockburn Property by using a fake heir to acquire title to the property.

209.    Defendants and Wilburn G. Lowry knowingly and willingly participated in the scheme with the intent to defraud, and they used the mails in furtherance of the

scheme by serving summons by mail on the named defendants in the quiet title action brought by LWIG, LLC in Marion Circuit Court cause no. 49C01-2012-PL-044323 on December 16, 2020.

210.    Brennan is a culpable person who engaged in the predicate offense of bribery under Indiana law (Ind. Code § 35-44.1-1-2, incorporated by 18 U.S.C. § 1961(1)(A)), who was a witness in the official proceeding of Marion Circuit Court cause no. 49C01-2012-PL-044323.

211.    On or about December 2, 2019, Brennan accepted or agreed to accept property with the intent of withholding truthful testimony that she was not a legitimate heir to the Lockburn Property.

212.    Defendants and Wilburn G. Lowry are culpable persons who engaged in the predicate offense of bribery under Indiana law (Ind. Code § 35-44.1-1-2, incorporated by 18 U.S.C. § 1961(1)(A)), by conferring, offering, or agreeing to confer property on Brennan with the intent that Brennan withhold truthful testimony that she was not a legitimate heir to the Lockburn Property.

213.    337 Congress LLC and LWIG, LLC are culpable persons who engaged in the predicate offense of laundering criminal proceeds in violation of 18 U.S.C. § 1956(a)(1)(B)(i) by knowing that the Lockburn Property was the proceeds of a criminal transaction, and conducting a financial transaction involving the Lockburn Property,

knowing that the conveyance of the Lockburn Property from 337 Congress LLC to LWIG, LLC on or about August 12, 2022 was designed to conceal or disguise the nature, source, or control of the proceeds.

214.    Joe Fall and Good Timber LLC are culpable persons who engaged in the predicate offense of laundering criminal proceeds in violation of 18 U.S.C. § 1956(a)(1)(B)(i) by knowing that the Lockburn Property was the proceeds of a criminal transaction, and conducting a financial transaction involving the Lockburn Property, knowing that the payment to Pamela Goode—and the attempted payment to Stacy Goode—for a quitclaim deed purporting to convey the Lockburn Property from legitimate heirs to Good Timber LLC on or about April 29, 2024 was designed to conceal or disguise the nature, source, or control of the proceeds.

215.    Good Timber LLC is a culpable person who engaged in the predicate offense of monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957 by knowingly engaging or attempting to engage in a monetary transaction in criminally derived property of a value greater than $10,000—the Lockburn Property, which is derived from the racketeering activity described herein—by leasing or attempting to lease the property for 12 or more months at $850 per month, and depositing any resulting rental payments.

216.    Defendants and Wilburn G. Lowry each knowingly agreed to join in a

46

conspiracy to further the objectives of the Fall Enterprise by the commission of the predicate acts set forth above, in violation of 18 U.S.C. § 1962(d).

217.    Defendants and Wilburn G. Lowry each knew about the Fall Enterprise's objective of targeting the Lockburn Property for acquisition without notifying the rightful heirs to that property, and they agreed to participate in the affairs of the Fall Enterprise and to facilitate a scheme that would be perpetrated by the Fall Enterprise.

218.    Defendants and Wilburn G. Lowry each agreed that the Fall Enterprise's objective in the preceding paragraph would require someone to commit several predicate acts to accomplish the Fall Enterprise's goal, such as bribing a witness, using mail and interstate wire communications, and laundering the property by conveyance among multiple entities.

219.    Before Brennan executed a false affidavit, Defendants and Wilburn G. Lowry knew that the affidavit would be used to obtain property that belonged to others, in conjunction with other predicate acts in furtherance of the scheme, such as using mail and interstate wire communications, and laundering the property by conveyance among multiple entities, and Brennan agreed to engage in the scheme by providing a false affidavit.

220.    Pursuant to 18 U.S.C. § 1964(c), Plaintiff is entitled to recover threefold the damages sustained and the cost of the suit, including a reasonable attorney's fee.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in its favor against Defendants for:

      i.  Treble damages;

      ii.  Reasonable attorney's fees, litigation expenses and costs;

      iii.  Such other relief as the Court deems just and appropriate.

## COUNT VI
## CIVIL REMEDY FOR VIOLATION OF
## INDIANA CODE § 35-45-6-2 (INDIANA RICO)

221.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

222.    Defendants each engaged in the predicate offense of theft in violation of Indiana Code § 35-43-4-2 by knowingly or intentionally exerting unauthorized control over the Lockburn Property in which Pamela Goode had a 50% interest, with intent to deprive Pamela Goode of any part of the Lockburn Property's value or use.

223.    Pursuant to Indiana Code § 35-41-2-4, Defendants each engaged in the predicate offense of theft in violation of Indiana Code § 35-43-4-2 by inducing, aiding or causing the violation of Indiana Code § 35-43-4-2 referenced in the preceding paragraph.

224.    Defendants are culpable persons who engaged in the predicate offense of bribery under Indiana Code § 35-44.1-1-2, as alleged above in Count V.

225. Defendants are culpable persons who engaged in predicate offense of fraud in violation of Indiana Code § 35-43-5-4, as alleged above in Count I.

226. Brennan is a culpable person who engaged in the predicate offense of perjury in violation of Indiana Code § 35-44.1-2-1 by making a false, material statement under oath or affirmation, knowing the statement to be false or not believing it to be true.

227. Pursuant to Indiana Code § 35-41-2-4, Defendants and Wilburn G. Lowry each engaged in the predicate offense of perjury in violation of Indiana Code § 35-44.1-2-1 by inducing, aiding or causing the violation of Indiana Code § 35-44.1-2-1 referenced in the preceding paragraph.

228. Joe Fall, Jon Rickey, Tyler Rickey, Clint Bahme, Wilburn G. Lowry, 337 Congress LLC, LWIG, LLC, and Good Timber LLC are culpable persons who, with intent to defraud, engaged in the predicate offense of obstruction of justice in violation of Indiana Code § 35-44.1-2-2 by knowingly and intentionally inducing, by false statement, or offer of money, to Brennan, as a witness in a legal proceeding, to give a false and materially misleading statement that she was an heir to the Lockburn Property.

229. Defendants and Wilburn G. Lowry each engaged in the predicate offense of criminal organization activity in violation of Indiana Code § 35-45-9-3 by knowingly and intentionally committing the offenses set forth in this Complaint (including fraud,

theft, bribery and obstruction of justice) with the intent to further the interests of a criminal organization—the Fall Enterprise—by wrongfully obtaining the Lockburn Property.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor against Defendants for:

     i.  Treble damages;

     ii.  Reasonable attorney's fees, litigation expenses and costs;

     iii.  Such other relief as the Court deems just and appropriate

## COUNT VII
## INDIANA HOME LOAN PRACTICES ACT

230. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

231. The Lockburn Property is located in Indiana and consists of a dwelling that is classified as residential for property tax purposes.

232. On or about April 29, 2024, Joe Fall engaged in deceptive acts under Indiana Code § 24-9-2-7(a) by falsely stating to Pamela Goode that the Lockburn Property had already been sold. The statement was false, and Joe Fall knew it to be false, because the property had not been exchanged for consideration but instead remained under the control of the Fall Enterprise after the culpable persons stole title from the legitimate heirs.

50

233.    In representing that the Lockburn Property had already been sold, Joe Fall intentionally misled and created in Pamela Goode a false impression that the property was beyond her reach.

234.    Joe Fall concealed from Pamela Goode all information regarding LWIG LLC's quiet title action; and concealed from Pamela Goode that her status as an heir entitled her to a 50% interest in the Lockburn Property.

235.    Joe Fall's misrepresentations damaged Pamela Goode by causing her to execute documents purporting to convey her interest in the Lockburn Property to Good Timber LLC.

236.    Joe Fall violated Indiana Code § 24-9-3-7(c)(5) by misrepresenting and understating the value of the Lockburn Property, thus representing that it had poor characteristics that it did not actually have, which Joe Fall knew it did not actually have.

237.    Joe Fall made these misrepresentations and concealments as an agent for and in furtherance of the objectives of each Defendant.

238.    Defendants violated Indiana Code § 24-9-3-7(c)(3) by engaging in deceptive acts in connection with a real estate transaction in which Pamela Goode executed a quitclaim deed for the Lockburn Property to Good Timber LLC.

239.    Pursuant to Indiana Code § 24-9-5-4(a), Defendants are liable to Plaintiff – the assignee of a person who is a party to the real estate transaction – for actual

damages, consequential damages, costs, and reasonable attorney fees.

240.    The requirements of Indiana Code § 24-9-5-4(e) have been satisfied.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor against Defendants for:

    i.  Actual and consequential damages;

    ii.  Reasonable attorney's fees and costs;

    iii.  Such other relief as the Court deems just and appropriate

Respectfully submitted,

*/s/Bradley D. Hasler*
Bradley D. Hasler, Atty: #22384-49
DENTONS BINGHAM GREENEBAUM LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN  46204
Phone:  (317) 635-8900
Facsimile:  (317) 236-9907
brad.hasler@dentons.com
*Attorney for Plaintiff,*
*PD Finance, LLC*