**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| PD FINANCE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01603-JPH-TAB |
| | ) | |
| JOE D. FALL, III, | ) | |
| KATHERINE BRENNAN, | ) | |
| 337 CONGRESS LLC, | ) | |
| JON RICKEY, | ) | |
| TYLER RICKEY, | ) | |
| CLINT BAHME, | ) | |
| LOGAN WIGNELL | ) | |
| INVESTMENT GROUP, LLC, | ) | |
| and GOOD TIMBER, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS / STRIKE**

Defendants, Jon and Tyler Rickey ("Rickey Defendants"), by and through counsel, respectfully submits their reply brief in support of the Motion to Dismiss / Strike. Plaintiff's opposition brief is long but legally thin. It does not cure the defects identified in the Motion to Dismiss / Strike. Instead, PD Finance continues to rely on conclusory allegations, inference stacking, and an impermissible attempt to convert lawful real-estate ownership and litigation activity into a federal and state racketeering case. The Complaint should be dismissed in full as to the Rickey Defendants.

**ARGUMENTS**

I.    **The Court does not have subject matter jurisdiction over Plaintiff's Complaint because PD Finance is attempting to circumnavigate the *Rooker-Feldman* doctrine through an assignee relationship.**

Under the *Rooker-Feldman* doctrine, lower federal courts are not granted jurisdiction "'over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment.'" *Taylor*, 374 F.3d at 532 (citation omitted); *see also Exxon Mobile Corp.*, 544 U.S. at 283-84; *Harold*, 773 F.3d at 885 (citation omitted).

> A district court lacks subject matter jurisdiction under *Rooker-Feldman* when four elements are present. *Id.* First, the federal plaintiff must have been a state-court loser. Second, the state-court judgment must have become final before the federal proceedings began. Third, the state-court judgment must have caused the alleged injury underlying the federal claim. Fourth, the claim must invite the federal district court to review and reject the state-court judgment.

*Top Metal Buyers Inc. v. Lopinot*, 2025 U.S. Dist. LEXIS 193625, at *17 (S.D. Ill. Sep. 30, 2025) (quoting *Gilbank v. Wood Cty. Dep't of Hum. Servs.*, 111 F.4th 754, 766 (7th Cir. 2024)).

Each of *Top Metal Buyers Inc.*'s elements are satisfied here.  First, although PD Finance tries to avoid this label, its assignor was functionally a state court loser.  The Marion County Circuit Court entered a final judgment quieting title in the Lockburn Property in favor of Logan Wignell Investment Group.  Even though she was not a named party to the lawsuit, that judgment extinguished any competing claim of ownership or superior title, including those now asserted derivatively by Plaintiff.

A party cannot evade the *Rooker-Feldman* doctrine merely by appearing in federal court through an assignee or by reframing its posture as a damages action.  Second, there is no dispute that the quiet-title judgment became final years before this action was filed.  Third, the alleged injury to PD Finance was caused by the state-court judgment itself.  Plaintiff's asserted damages flow from that judgment's legal effect – namely vesting title somewhere else.  Absent that judgment, Plaintiff would have no cognizable claim.  Fourth, PD Finance's claims necessarily

invite this Court to review and reject the state court judgment – something it cannot do under *Rooker-Feldman*. Plaintiff's alleged injury is inextricably intertwined with the state court judgment. The proper place for this action would be the Marion County Circuit Court, not the United States District Court for the Southern District of Indiana.

Accordingly, because the *Rooker-Feldman* doctrine applies, the Court does not have subject matter jurisdiction over Plaintiff's Complaint.

**II.     Plaintiff fails to plead any viable state or federal RICO claim and instead asks the Court to stack speculative inferences untethered to well-pleaded facts.**

**A.     The Complaint failed to allege an association-in-fact enterprise or participation in such enterprise by the Rickey Defendants.**

PD Finance failed to plausibly allege the existence of an association-in-fact enterprise or that the Rickey Defendants participated in any such enterprise.

An "'enterprise' must have a purpose is apparent from the meaning of the term in ordinary usage, i.e., a 'venture,' 'undertaking,' or 'project,'" *Boyle v. United States*, 556 U.S. 938, 946 (2009), and is proved "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *United States v. Turkette*, 452 U.S. 576, 583 (1981). A RICO enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." *Browning v. Flexsteel Indus.*, 955 F. Supp. 2d 900, 908 (N.D. Ind. 2013).

An "association-in-fact is 'a group of persons associated together for a common purpose of engaging in a course of conduct.'" *Id*. at 908-09 (quoting *Turkette*, 452 U.S. at 583). An association-in-fact can be shown by evidence of "of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *Id*. "[A]n association-in-fact enterprise must also have some sort of 'structure,' consisting of 'at least three structural

features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose.'" *Boyle*, 556 U.S. at 946. An association-in-fact may need not be a business-like entity, but likely includes a "hierarchy," different roles, and a "chain of command." *Id*. at 947-48.

"The Supreme Court has repeatedly held that 'federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Roppo v. Travelers Commer. Ins. Co.*, 869 F.3d 568, 586-87 (7th Cir. 2017) (quoting *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1256 (7th Cir. 1994)). "'A claim must be "wholly insubstantial," or "obviously frivolous," "plainly unsubstantial," or "no longer open to discussion," to merit dismissal under the substantiality doctrine.'" *Id*.

Plaintiff has not plausibly alleged that Jon or Tyler Rickey were part of an association-in-fact enterprise or that they participated in the conduct of any such enterprise. Instead, Plaintiff relies on conclusory allegations that various individuals and LLCS were "associated together" in a broad "Fall Enterprise." (Compl. ¶¶ 6-23, [ECF No. 1]). But merely grouping Defendants together and labeling them an enterprise is not enough and constitutes impermissible group pleading. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed."). The Complaint pleads no facts showing a hierarchy, defined roles, decision-making authority, or chain of command separate and apart from the alleged predicate acts themselves, which is fatal to any enterprise theory.

Even if an enterprise were plausibly alleged – which it is not – the Complaint independently fails because it does not allege that Jon or Tyler Rickey conducted or participated in the affairs of such enterprise. The allegations against them are limited to ownership or management interests in

certain LLCs and generalized assertions of association with other Defendants, which are insufficient to establish RICO liability. *See* (Compl. ¶¶ 8-10, [ECF No. 1]).  PD Finance appears to be trying to pierce the corporate veil without properly pleading it.  *See infra* (IV).  Because Plaintiff has failed to plead these threshold elements, its federal and state RICO claims are "wholly insubstantial" and "plainly unsubstantial" and should be dismissed.  *See Roppo*, 869 F.3d at 586-87.

> **B.    Mail and wire fraud were not pled with particularity as to either Rickey Defendant, and therefore cannot be used as predicates for a defective federal and state RICO allegation.**

Both mail fraud and wire fraud were not properly pled as to either Rickey Defendant.  Fed. R. Civ. P. 9(b) requires a plaintiff to state "with particularity" any "circumstances constituting fraud."  "Although states of mind may be pleaded generally, the 'circumstances' must be pleaded in detail" meaning the "who, what, when, where, and how: the first paragraph of any newspaper story."  *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).  "The circumstances of fraud or mistake include 'the identity of the person who made the representation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'"  *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.,* 536 F.3d 663, 668 (7th Cir. 2008).

PD Finance merely claims that there was use of "interstate wires in furtherance of the scheme by: (1) "telephone communications between Jon Rickey in California with Joe Fall and Wilburn Lowry in Indiana to provide direction an discuss the progress of the scheme;" and (2) "telephone communication between Jon Rickey in California, as agent for LWIG, LLC and as agent for 337 Congress LLC, with Joe Fall and Wilburn G. Lowry in Indiana to provide direction and discuss the progress of the scheme."  (Compl. ¶ 206, [ECF No. 1]).  The Complaint alleges

nothing more than the existence of two phone calls. It provides no dates, no times, no content, and no specific misrepresentations – only conclusory assertions that the calls somehow furthered a scheme. Further, the Complaint alleges that mails were used, without providing any information beyond the fact that summons were sent by mail in the underlying Marion County Circuit Court action. (Compl. ¶¶ 207, 209, [ECF No. 1]). Such allegations fall far short of Fed. R. Civ. P. 9(b)'s heightened pleading standard for fraud. Accordingly, the mail and wire fraud claims against the Rickey Defendants, which is being used to create a defective RICO violation, should be dismissed as a matter of law.

> **C.  The RICO conspiracy claim still fails as a matter of law because PD Finance has not shown that the Rickey Defendants entered into an agreement or assented to commit a RICO violation or predicate acts.**

A conspiracy is "an agreement to commit some other offense." *United States v. Foston*, 108 F.4th 934, 936 (7th Cir. 1986). "To be convicted of a conspiracy to violate RICO there must be proof that the individual, by his words or actions, objectively manifested an agreement to participate, directly or indirectly, in the affairs of an enterprise, through the commission of two or more predicate crimes." *United States v. Neapolitan*, 791 F.2d 489, 497 (7th Cir. 1986) (citation omitted); *see also United States v. Farmer*, 38 F.4th 591, 602 (7th Cir. 2022) (to prove a RICO conspiracy, "the government must show (1) an agreement to conduct or participate in the affairs (2) of an enterprise (3) through a pattern of racketeering activity."). "One must knowingly agree to perform services of a kind which facilitate the activities of those who are operating the enterprise in an illegal manner. It is an agreement, not to operate or manage the enterprise, but personally to facilitate the activities of those who do." *Brouwer v. Raffensperger, Hughes & Co.*, 199 F.3d 961, 967 (7th Cir. 2000).

Here, PD Finance alleged no facts plausibly showing that either Jon or Tyler Rickey entered into an agreement or conformed their conduct to assent to an agreement to violate 18 U.S.C. § 1962(d).  The Complaint asserts only that "Defendants and Wilburn G. Lowry each agreed that the Fall Enterprise's objective in the preceding paragraph would require someone to commit several predicate acts to accomplish the Fall Enterprise's goal, such as bribing a witness, using mail and interstate wire communications, and laundering the property by conveyance among multiple entities." (Compl. ¶ 218, [ECF No. 1]).  This allegation supplies no date, no time, no location, and no facts describing how or when either Jon or Tyler Rickey manifested assent to any agreement.  In fact, merely labeling "Defendants" is improper group pleading.  *See Bank of Am., N.A.*, 725 F.3d at 818.  Instead, the Complaint relies on conclusory finger-pointing and layers of inference to suggest the existence of a conspiracy.  Even under liberal notice pleading standards, such an allegation is insufficient because it amounts to a legal conclusion that an agreement must have existed, without identifying any conduct by the Rickey Defendants that would have put them on notice that their actions at a particular time and place allegedly constituted a RICO conspiracy.  Nor does the Complaint plausibly allege an agreement to commit two predicate acts to form the actual conspiracy.  Accordingly, Plaintiff has failed to state a plausible claim for RICO conspiracy, and the claim should be dismissed as a matter of law.

**III.    Plaintiff fails to plausibly state a claim for fraud or constructive fraud against Jon or Tyler Rickey because it both does not conform to Fed. R. Civ. P. 9(b) and improperly pled to a group of Defendants.**

As explained *supra* (II)(B), Fed. R. Civ. P. 9(b) requires a plaintiff to state "with particularity" any "circumstances constituting fraud."  *See Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.,* 536 F.3d 663, 668 (7th Cir. 2008); *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).  Nothing in PD Finance's Complaint remotely implicates

Jon or Tyler Rickey under theories of fraud or constructive fraud. Rather, PD Finance demands that this Court pile inference upon inference to reach the unsupported conclusion that Jon and Tyler must have committed these fraud allegations.

The Complaint does not allege that Jon or Tyler had personal knowledge about the Lockburn Property and used it against Pamela Goode or PD Finance to obtain an unconscionable advantage. (Compl. ¶ 180-189, [ECF No. 1]). The Complaint instead says that the "Defendants" had the knowledge and used it against Pamela Goode to obtain her property – which is insufficient and impermissible group pleading. *See Bank of Am., N.A.*, 725 F.3d at 818. Further, the Complaint states that Joe Fall made statements to Pamela Goode – not Jon or Tyler Rickey. (Compl. ¶¶64-68, [ECF No. 1]). Lumping Defendants together when the allegation is against Joe Fall is improper. Fed. R. Civ. P. 9(b) demands specificity, not speculation. Therefore, this allegation against Jon and Tyler Rickey fails as a matter of law and should be dismissed.

**IV.     The fraud, theft, conversion, and the Home Loan Practices Act allegations should be dismissed as a matter of law because PD Finance is effectively asking the Court to pierce the corporate veil without having pled the necessary elements to do so.**

Ind. Code § 23-18-3-3(a) specifically states that "[a] member, manager, an agent, or an employee of a limited liability company is not personally liable for the debts, obligations, or liabilities of the limited liability company, whether arising in contract, tort, or otherwise, or for the acts or omissions of any other member, manager, agent, or employee of the limited liability company." "While an Indiana court will impose personal liability to protect innocent third parties from fraud or injustice, the burden is on the party seeking to pierce the corporate veil to prove that the corporate form was so ignored, controlled or manipulated that it was merely the instrumentality of another and that the misuse of the corporate form would constitute a fraud or promote injustice."

*Aronson v. Price*, 644 N.E. 2d 864, 867 (Ind. 1994); *see also Ziese & Sons Excavating, Inc. v. Boyer Constr. Corp.*, 965 N.E.2d 713, 720 (Ind. Ct. App. 2012).

In sections III(A), III(B), IV, V, VI, VII, and IX of its Response Brief, PD Finance attempts to impose personal liability on Jon and Tyler Rickey for conduct allegedly undertaken by various LLCs and third parties, without pleading – or even acknowledging – the legal requirements for piercing the corporate veil. This is improper. Indiana law is clear that limited liability companies are separate legal entities, and members are not personally liable for the acts or the entity absent well-pleaded facts supporting veil piercing or a recognized basis for personal liability.

Rather than allege facts demonstrating that the LLCs were a sham, inadequately capitalized, or operated as alter egos of Jon or Tyler Rickey, Plaintiff simply assumes that because certain LLCs allegedly committed acts of fraud, theft, conversion, criminal gang control, mail and wire fraud, or conspired to commit a RICO violation, liability may be imputed upward to their "owners or managers." This is not the law. Courts routinely reject attempts to hold individual owners liable where the Complaint – or Response Brief – fails to plead facts showing misuse of the corporate form, unity of interest, or injustice sufficient to disregard entity separateness.

PD Finance's Response Brief confirms this defect. The alleged wrongdoing in Sections III(A), III(B), IV, V, VI, and IX is repeatedly attributed to the LLCs (337 Congress LLC, LWIG LLC, and Good Timber LLC) or to Joe Fall individually, with Jon and Tyler Rickey implicated only through ownership, control, management, or post hoc inference. *See* (Response Brief at 7-9, 13-16, 18 [ECF No. 34]). This is precisely the type of veil piercing by implication that Indiana law does not permit. A plaintiff cannot avoid the burden of pleading veil-piercing elements by recharacterizing entity conduct as individual conduct, whether that be in a Complaint or Response Brief.

Because Plaintiff has not pled veil piercing – and expressly disclaimed its willingness to do so, its effort to impose personal liability on Jon or Tyler Rickey for acts allegedly committed by LLCs or third parties fails as a matter of law. *See* (Response Brief at 19 [ECF No. 34]). The fraud, theft, conversion, and Home Loan Practices Act allegations should be dismissed.

**V.    The criminal gang control allegation should be dismissed as a matter of law because the Rickey Defendants did not commit a crime to increase their standing in a criminal organization or benefitted, promoted, or furthered the interest of a criminal organization.**

In order to show criminal gang control under the Crime Victims Relief Act (Ind. Code § 34-24-3-1), the victim must prove by a preponderance of the evidence all elements of the alleged crime, including the requisite criminal intent. *Gordon v. Bank of New York Mellon Corp.*, 964 F. Supp. 2d 937, 943 (N.D. Ind. 2013). Per Ind. Code § 35-45-9-3, in order to prove "participation in a criminal organization," plaintiff must plead that a defendant "knowingly or intentionally commits an offense: (1) with the intent to benefit, promote, or further the interests of a criminal organization; or (2) for the purpose of increasing the person's own standing or position within a criminal organization. . .."

Excluding the fact that the portion of the Complaint impermissibly group pleads this allegation, *see* (Compl. ¶¶ 197-200, [ECF No. 1]), PD Finance failed to show that Jon and Tyler Rickey committed an offense with the intent to benefit, promote, or further a criminal organization or that they committed a crime to increase their own standing within a criminal organization. *See also Bank of Am., N.A.*, 725 F.3d at 818. Even taking the allegations of fraud, conversion, and theft as true, Plaintiff has not shown that those acts were done with the statutorily required intent to benefit, promote, or further the interests of a criminal organization. Conclusory statements are not enough. Therefore, the allegation implicating criminal gang control should be dismissed as a matter of law.

**VI.**   **In the alternative, immaterial and prejudicial allegations should be stricken under Rule 12(f).**

PD Finance's assertion that Defendant's "concede" they are serial offenders is a gross mischaracterization of Defendants' briefing. (Response Brief at 19 [ECF No. 34]). Defendants do not – remotely or otherwise – make any such concession. (Defendants' Memorandum in Support of Motion to Dismiss at 28 [ECF No. 27]). This manufactured characterization underscores the broader problem with PD Finance's pleading: it relies on inflammatory narratives rather than facts or legal standing. The immaterial, scandalous, and prejudicial allegations concerning properties in which PD Finance has no standing, no assignment of claims, and no legally cognizable interest are therefore ripe to be stricken under Fed. R. Civ. P. 12(f). Accordingly, in the alternative or in addition to dismissal, the Court should strike the allegations and exhibits concerning the properties located at 4415 Kingsley Drive, 317 N. Oxford Street, and 1801 Winfield Avenue.

**(THE REMAINDER OF THIS PAGE WAS INTENTIONALLY LEFT BLANK)**

**CONCLUSION**

For all these reasons, the Complaint should be dismissed with prejudice under Rules 12(b)(1) and 12(b)(6), or in the alternative/addition to dismissal, strike the extraneous and scandalous allegations under Rule 12(f).

Respectfully submitted,

Joshua J. David (IN #38171-49)
Christopher P. Jeter (IN #25905-49)
MASSILLAMANY JETER & CARSON LLP
14 Municipal Drive, Suite 300
Fishers, Indiana 46038
Telephone: (317) 576-8580
Facsimile: (317) 203-1012
Email:  joshua@mjcattorneys.com
        chris@mjcattorneys.com

*Attorneys for Defendants Jon Rickey & Tyler Rickey*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2025, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send notice to all counsel of record.

_____
Joshua J. David
Christopher P. Jeter